UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA NELSON,

          Plaintiff,           Case No. 16-cv-10405

v.           Honorable Thomas L. Ludington
          Magistrate Judge Patricia T. Morris

LISA A. WALSH, et al

          Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, DENYING PLAINTIFF'S MOTIONS, WITHDRAWING ORDER OF REFERENCE, GRANTING MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT**

Plaintiff Joshua Nelson filed a complaint on February 1, 2016, alleging that he was mistreated while incarcerated in Macomb Correctional Facility because he is a gay, Jewish man. ECF No. 1. He joins as Defendants three employees of the Macomb Correctional Facility: Lisa Walsh,[1] Janine LaCroix,[2] and Jon Pavitt.[3] Nelson filed an amended complaint on February 22, 2016. ECF No. 8. In that complaint, Nelson brings thirteen claims: Violation of Rape Elimination Act, Denial of Equal Protection, First Amendment Retaliation, Denial of Access to Courts, Eighth Amendment Violations, Violation of Free Exercise Clause, Violation of RLUIPA and RFRA, Deliberate Indifference, Cruel and Unusual Punishment, Criminal Negligence, Fraud, Declaratory Relief, and Injunctive Relief. The case was referred to Magistrate Judge Elizabeth A. Stafford. ECF No. 13.

---

[1] Nelson alleges that Walsh is the assistant resident unit supervisor.
[2] According to Nelson, LaCroix is the business manager.
[3] Nelson asserts that Pavitt is the acting dental service supervisor.

On April 22, 2016, Defendants LaCroix and Walsh filed a motion to dismiss. ECF No. 22. Several months later, Nelson filed a motion for entry of default judgment against Defendant Pavitt. ECF No. 31. On August 29, 2016, Nelson filed a motion to amend the first count of his amended complaint. ECF No. 35. Five weeks later, Pavitt filed a motion for summary judgment. ECF No. 36.

Now, Judge Stafford has issued a report recommending that Walsh and LaCroix's motion to dismiss be granted and Nelson's outstanding motions be denied. ECF No. 39. Nelson has filed five objections to the report and recommendation. ECF No. 41. For the reasons stated below, those objections will be overruled and the report and recommendation will be adopted.

I.

Nelson indicates that he does not object to Judge Stafford's summary of the procedural and factual history of the case. Accordingly, that summary is adopted and incorporated as if recounted here in full. For clarity, a brief summary will be provided. Nelson alleges that because he is gay, Walsh refused to separate him from a known, violent gang member with whom Nelson was sharing a cell. According to Nelson, his cellmate had threatened to sexually abuse him, but prison employees took no action when informed of the threat. Nelson asserts that Walsh refused to accommodate his request for a transfer because she believed that Nelson wanted a homosexual cellmate. Nelson further argues that Walsh transferred him to a facility that did not have a kosher-meal program despite knowing that Nelson is Jewish. He believes this transfer was retaliation for the grievances he filed against Walsh. Nelson alleges that Defendant LaCroix denied him access to the courts because she gave Nelson a financial statement which misrepresented the amount of funds in his trust account. Because of that misrepresentation, he was unable to pay a court filing fee, and his suit was dismissed.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**III.**

Nelson has five objections to Judge Stafford's report and recommendation. First, Nelson objects to Judge Stafford's articulation of his claims. Second, he asserts that he exhausted all claims. Third, Nelson challenges the sufficiency of the affidavits which Walsh and LaCroix submitted. Fourth, Nelson asserts that LaCroix was personally involved in the mistreatment he suffered. Fifth, Nelson argues that the Defendants are not entitled to qualified immunity.

**A.**

In his first objection, Nelson argues: "The Magistrate improperly interprets the complaint and amended complaint to indicate that she was in fact the claim under 42 USC 1985 makes a single reference to make only one allegation." Objs. at 1, ECF No. 41. Nelson further clarifies his objection: Walsh and two non-defendants were engaged in a conspiracy to transfer Nelson to a facility without a kosher-meal program in retaliation for the grievances he filed.

After careful consideration of Nelson's first objection, the Court is unable to determine which portion of the report and recommendation Nelson is challenging. To the extent the first objection is meant to correct factual misunderstandings made by Judge Stafford, the Court is unable to find any material contradictions between the facts as articulated in Judge Stafford's report and recommendation and the allegations in the first objection. To the extent Nelson is attempting to bring a conspiracy claim, that effort is futile because Nelson has not named or sought leave to name two of the alleged members of the conspiracy as defendants. To the extent Nelson is challenging Judge Stafford's resolution of his claim under the Prison Rape Elimination Act, he does not dispute that the PREA does not provide a private cause of action. Nelson's first objection will be overruled because it does not specifically challenge a portion of Judge Stafford's report or pinpoint an error.

**B.**

In his second objection, Nelson asserts that all claims against each Defendant were exhausted prior to bringing suit. Judge Stafford found that one of Nelson's grievances, MRF-15-03-0426-01z, had only been exhausted in part. Rep. & Rec. at 10. Explaining that "Nelson's grievance did not address the alleged misrepresentation of his account statement," Judge Stafford concluded that Nelson did not "exhaust his claim that LaCroix provided him with an inaccurate prisoner account statement." *Id.* She also explained that, even if the claim had been exhausted, the misrepresentation he alleges does not "implicate the 'access to the courts' jurisprudence, which prohibits prison officials 'from actively interfering with inmates' attempts to prepare legal documents." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996). In his objection, Nelson does not provide any information which would indicate that he actually did exhaust this grievance. He points to other claims which Defendants and Judge Stafford agreed had been exhausted, but does not identify any errors in Judge Stafford's conclusion that his account misrepresentation claim was not exhausted. Even if it had been, Nelson has provided no non-conclusory allegations that the misrepresentation LaCroix made was intentional or made with the purpose of preventing him from accessing the courts. *Lewis* prohibits only active interference with a defendant's access to court, and Nelson's allegations fall short of showing interference of that nature. 518 U.S. at 350.

**C.**

Third, Nelson objects to Judge Stafford's reliance on the affidavits which Walsh and LaCroix submitted. Specifically, Nelson asserts that the affidavits were not made under penalty of perjury and that Sixth Circuit law thus prohibits reliance upon them. In footnote seven, Judge Stafford addressed this argument and concluded that, because the affidavits were sworn and

notarized, they could be relied upon. Rep. & Rec. at 13 n.7. In his objection, Nelson cites to *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010). In that footnote, the Sixth Circuit rejected a report, explaining: "The report is not sworn, nor is it made under penalty of perjury. Accordingly, it cannot be considered on summary judgment." *Id.* Here, Walsh's and LaCroix's affidavits were sworn. Judge Stafford did not err by relying on the affidavits because *Harris* states that sworn affidavits can be considered even if not made under penalty of perjury.

**D.**

In the fourth objection, Nelson states that the "Magistrate Judge incorrectly determined that Defendant LaCroix was not personally involved within the allegations in the complaint." Objs. at 3. He asserts that a genuine issue of fact exists on this issue because both Nelson and LaCroix have submitted contradictory affidavits. *Id.* But Judge Stafford considered both affidavits. She stated that Nelson's affidavit "provides no details whatsoever about [his conversation with LaCroix], and specifically nothing to rebut her assertion that she had no personal involvement in the transaction at issue." Rep. & Rec. at 16. Thus, Judge Stafford explicitly considered both affidavits and concluded that the discrepancy between them did not demonstrate a genuine issue of fact. Nelson provides no new information which would cast doubt on that conclusion. Accordingly, his fourth objection will be overruled.

**E.**

Finally, Nelson argues that Judge Stafford improperly concluded that the "defendants are entitled to Qualified Immunity at this time." Objs. at 4. He argues that: "They are not entitled to this as there still exists an issue of material fact in controversy." *Id.* However, Nelson's claim that his affidavit demonstrates a genuine issue of fact as to LaCroix's personal involvement has been rejected. Likewise, Nelson has not objected to Judge Stafford's conclusion that he has

presented "insufficient evidence that Walsh was personally involved or responsible for his transfer to a prison that did not provide kosher food." Because Nelson has not provided sufficient evidence that the named Defendants violated his constitutional rights, they are entitled to qualified immunity. Nelson's fifth objection will be overruled.

### IV.

On June 27, 2016, a waiver of service for Defendant Pavitt was filed on the docket. ECF No. 30. Pursuant to that waiver, Pavitt's answer to the complaint was due by August 16, 2016. On July 26, 2016, Nelson filed a motion for default judgment against Defendant Pavitt. ECF No. 31. Because, at the time that motion was filed, Pavitt was still within the time to file a response, the motion for default judgment was untimely. Judge Stafford later granted Pavitt an enlargement of time to file a responsive pleading. ECF No. 34. On October 5, 2016, two days before the deadline, Pavitt filed a motion for summary judgment. Because Pavitt filed a responsive motion within the time provided after signing a waiver of service (and for the reasons stated in Judge Stafford's report and recommendation), Nelson's motion for default judgment against Pavitt will be denied.

Judge Stafford's report and recommendation does not address Pavitt's outstanding motion for summary judgment. In the interest of comprehensively addressing all pending motions, the order of reference will be withdrawn and that motion will be considered in the first instance. For the reasons stated below, Pavitt's motion for summary judgment will be granted.

### A.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look

in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

**B.**

Nelson's amended complaint advances allegations regarding Pavitt in Count V, VIII, XI, XII, and XIII. Nelson alleges that he "sought to have his teeth cleaned on or about August 7, 2015. This was denied by Pavitt, despite his being fully-advised that the Plaintiff is chronically-ill." Am. Compl. at ¶ 68, ECF No. 8. Nelson also asserts that Pavitt "did process and lodge a co-pay for dental services. This amount $5.00 was processed and debited to the trust account of the Plaintiff. The Plaintiff did not receive any services." *Id.* at ¶ 83.

**C.**

In Claims VI and VIII, Nelson asserts an Eighth Amendment deliberate indifference claim against Pavitt. By its terms, the Eighth Amendment prohibits the imposition of any cruel and unusual punishment. At the time of its adoption, "cruel and unusual punishment" included draconian punishments such as the rack, thumbscrews, "tortures[,] and other barbarous methods of punishment." *Gregg v. Georgia*, 428 U.S. 153, 170 (1976) (internal citations omitted). Since then, Eighth Amendment jurisprudence has not remained static, but instead has been subject to "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 100 (1958). Under this evolving standard, the Supreme Court has recognized the

requirement that prison officials "provide medical care for those whom it is punishing by incarceration," and a prohibition against deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). This includes a prohibition against deliberate indifference to a prisoner's serious medical needs, meaning the "unnecessary and wanton infliction of pain." *Id.* at 104 (internal quotations and citation and omitted).

To demonstrate a claim of deliberate indifference, a plaintiff must meet an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). First, he must show that he has an objectively "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). Second, he must show that the prison official subjectively had a "sufficiently culpable state of mind." *Id.* (quoting *Farmer*, 511 U.S. at 834).

The second element requires a plaintiff to show more than "mere negligence." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). Instead, a plaintiff must show the "equivalent of recklessly disregarding [a substantial risk of serious harm to a prisoner]*.*" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). It is only "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, [that] their conduct in causing the delay" violates the Eighth Amendment. *Blackmore*, 390 F.3d at 899.

Generally speaking, "[c]omplaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief." *Carpenter v. Wilkinson*, 205 F.3d 1339 (6th Cir. 2000). If "the seriousness of a prisoner's needs for medical care is obvious even to a lay person," then the medical condition is sufficiently serious to become constitutionally cognizable. *Blackmore*, 390 F.3d at 899. "[R]outine preventative dental care does not constitute a serious medical need." *Howell v. Reams*, No. CIV.A. 14-206-DLB, 2015 WL 1951940, at *4 (E.D. Ky. Apr. 29, 2015). *See also Sanders v. Prison Health Servs., Inc.*, No. 2:10-CV-12846, 2013 WL 878747, at *5 (E.D. Mich. Jan. 29, 2013) (same); *Dennis v. Heyns*, No. 1:15-CV-87, 2015 WL 1211592, at *2 (W.D. Mich. Mar. 17, 2015) ("The denial of routine medical care for 24 months, in and of itself, does not create a condition posing a substantial risk of serious harm.").

In his response to Pavitt's motion for summary judgment, Nelson argues that Pavitt's refusal to provide a dental examination constituted deliberate indifference because Nelson suffers from several chronic illnesses: "(1) coronary artery disease; (2) protein-c deficiency of blood; (3) previous CVA or ischemic stroke; (5) [sic] hyperactive thyroid; (6) irregular heartbeat." Resp. at 2, ECF No. 37. Nelson asserts that he "has been advised by treating physicians of the necessity to maintain dental hygiene to reduce his risk of potential shortening of life expectancy and increase of any additional complications due to lack of dental hygiene." *Id.* at 5.

Even if Nelson's representation regarding the importance of maintaining dental hygiene is true, he has not alleged, much less provided evidence, that he experienced any health problems as a result of Pavitt's refusal to conduct a routine dental examination. Nelson might be more prone to complications from poor dental hygiene because of his chronic health issues, but he provides no indication that he actually suffered any complications as a result of Pavitt's denial.

Absent some showing that the denial resulted in a physical injury to Nelson, he has not demonstrated that he was suffering from a serious medical condition. His assertion that the denial might have created "long-term health complication [sic] and shortened life-span due [to] exposure to excessive bacteria" is too speculative to constitute a serious medical condition. Nelson's deliberate indifference claim will be dismissed.

Nelson also brings a fraud claim against Pavitt. This claim arises out of state common law. Because all of Nelson's federal claims will be dismissed, there is no remaining federal nexus in this case. When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over any state law claims rests within the court's discretion. *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). Nelson's fraud claim against Pavitt would be better resolved in state court. Accordingly, it will be dismissed without prejudice. Nelson is free to reassert the claim in state court.

### V.

Accordingly, it is **ORDERED** that Plaintiff Nelson's Objections, ECF No. 41, are **OVERRULED.**

It is further **ORDERED** that Judge Stafford's Report and Recommendation, ECF No. 39, is **ADOPTED.**

It is further **ORDERED** that Defendant LaCroix's and Walsh's Motion to Dismiss, ECF No. 22, is **GRANTED.**

It is further **ORDERED** that Plaintiff Nelson's Motion for Entry of Default Judgment and Motion to Amend, ECF No. 31, 35, are **DENIED as moot.**

It is further **ORDERED** that the Order of Reference, ECF No. 13, is **WITHDRAWN.**

- 12 -

It is further **ORDERED** that Defendant Pavitt's Motion for Summary Judgment, ECF No. 36, is **GRANTED.**

It is further **ORDERED** that Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, and Thirteen are **DISMISSED with prejudice.**

It is further **ORDERED** that Count Eleven is **DISMISSED without prejudice.**

Dated: March 24, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager